Martin B. Stecher, J.
The plaintiffs in this action are a physician who is the proprietor of a methadone maintenance clinic located in Manhattan, his administrative director and a patient who seeks to represent a class constituting patients of the clinic. The administrative director and the patient, plaintiffs, have questionable standing to sue and, accordingly, any relief granted hereunder is granted to the plaintiff physician only. The complaint seeks a judgment declaring that a regulation promulgated by the Commissioner of Health of the State of New York requiring methadone maintenance programs to be conducted in hospitals only is violative of rights of the plaintiffs guaranteed under specified provisions of the Federal and State Constitutions and in any event beyond the authority of the commissioner to issue. Certain injunctive relief is also sought, permanently and temporarily. I do not reach the constitutional issue.
*902 The regulation under attack (10 NYCRR 80.86 [b] [2]), purportedly promulgated under the authority of subdivision 2 of section 3308 of the Public Health Law, limits methadone treatment to “ hospitals ” as defined in article 28 of the Public Health Law. The statute (Public Health Law, § 3308, subd. 2) provides: “ The commissioner is hereby authorized and empowered to make rules, regulations and determinations which in his judgment may be necessary or proper to supplement the provisions of this article to effectuate the purposes and intent thereof or to clarify its provisions so as to provide the procedure or details to secure effective and proper enforcement of its provisions.”
The regulation (10 NYCRR 80.86 [b] [2]) purports to “ supplement ” or “effectuate” subdivision 1 of section 3352 and sections 3353 through 3356 of the Public Health Law.
Subdivision 1 of section 3352 provides in pertinent part: “ Methadone * * * may be prescribed for, or dispensed or administered for maintenance purposes to an addict only and as part of a maintenance program conducted by a physician, group of physicians, or public or private medical facility certified by the commissioner and authorized by federal law to conduct such program. ’ ’
Section 3353 provides certain certification requirements for methadone maintenance programs. The remaining sections provide standards to which such programs and their principals must adhere. It is not seriously disputed that the plaintiff doctor has complied with these various statutes.
The clear intent of subdivision 1 of section 3352 is that such programs shall not be restricted to hospitals. The administrative regulations seeking to limit methadone maintenance programs to hospitals (10 NYCRR 80.86 [b] [2]) not only fail “ to effectuate the purposes and intent * * # or * * * clarify ” the provisions of the various statutes, but runs counter to and actually undermines the express legislative intent. Paragraph (2) of subdivision (b) of section 80.86 was beyond the power of the commissioner to promulgate and is therefore invalid and unenforceable (Matter of Durant v. MVAIG, 20 A D 2d 242, 247, mod. other grounds 15 N Y 2d 408). Plaintiff physician may not, therefore, be required to qualify as a hospital as a precondition to the operation of his methadone maintenance program and any procedures designed to require him to seek authorization to maintain a hospital to administer such a program are improper and will be enjoined.